Freeman, J.,
delivered the opinion of the court.
This suit was commenced before a justice of the peace, to recover damages for breach of a contract by which the plaintiff had rented certain lands to the defendant, Long, and one Somers.
In addition to the payment of a certain sum of money for rent, the defendant and Somers contracted that they would clear a portion of the land, build ■certain houses, cribs, &e., all of which are specifically described in the written agreement, and would make a certain amonnt of fencing, and other repairs.
*148 It appears that one Henry L. Douglass claimed to own the land, and, as was shown, or offered to be shown, had the legal title to it, though the plaintiff claimed to have purchased the land and paid for it, in part or in whole. It further appears that the plaintiff has no written contract with H. L. Douglass for the land, or any deed; and that, owing to a difficulty between them, Douglass refused to make the plaintiff a deed.
The suit was brought to recover damages for breach of the contract to clear land, build houses, &c.
The defense sought to be made was, that H. L.. Douglass was the owner of the land, and had forbidden the improvements to be made, or the timber to be-cut; and that, as he had the title to the land, the improvements, if made, would have inured to his benefit and not to the plaintiff’s; and that, therefore, the-plaintiff ought not to recover.
The evidence of the plaintiff’s want of title was-, rejected by the court, as, also, was the evidence of' title in H. L. Douglass.
This is assigned as error.
We see no error in the action of the court,, though we think it should stand on different grounds, from those on which the court placed it.
He ruled out the evidence as. incompetent, on the-ground of an estoppel upon the tenant to deny title in his landlord.
We need not, however, decide definitely here whether this principle was applicable.
The suit was for damages for breach of a contract *149 to build bouses, make fences, clear lands, &c. Now, whether the plaintiff had title to the land the renting of which was the consideration for this work, can make no kind of difference to the defendant. If a party contracts with another to build a house, or do other work, on the land of a third party, it would be no defense, we take it, to an action for a breach of his contract, that the party to whom he was bound did not have title to the land on which the work was to be done.
We think, therefore, in this view of the case, that the court did not err in rejecting the evidence offered ■on the question of title.
It was not claimed that the consideration — to wit, the occupation of the land — had failed; nor was there any instruction asked, or refused, or given by the court, on the question of the proper measure of damages. This might have raised a question of more or less difficulty.
On the whole, we see no error in the record, and affirm the judgment.